IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHEDRICK THORNTON, | § | |
| #02463655, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:24-CV-446-L-BK |
| | § | |
| JUDGE TINA Y. CLINTON, ET AL., | § | |
| DEFENDANTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for judicial screening, including the issuance of findings and a recommended disposition where appropriate. The Court granted the motion to proceed *in forma pauperis* but did not issue process pending judicial screening. Doc. 7. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

On February 20, 2024, Plaintiff Shedrick Thornton, an inmate in the Texas Department of Criminal Justice (TDCJ), filed a civil rights complaint against his trial judge, Tina Y. Clinton, three employees of the TDCJ Classification and Records Department, Director Timothy Fitzpatrick, Assistant Director Joni White, and Program Supervisor Charley Valdez. Doc. 3 at 4.

Thornton complains that he is falsely imprisoned. Doc. 3 at 7. He asserts that Judge Clinton "deliberately withheld 1,081 days of mandatory credit for pre-sentencing time served" in Case No. F1970256, thereby violating his rights under Tex. Code of Crim. Proc. art. 42.03, Sec.

2(a)(1). Doc. 3 at 7. Thornton also asserts that the TDCJ Classification Department has failed to timely respond to his time-credit dispute, leading him to be "wrongfully detained beyond [his] presumptive February 12, 2024 discharge date." Doc. 3 at 7. In the Step 1 Grievance enclosed with his petition, Thornton states that he filed time dispute resolution (TDR) forms on September 28 and October 4, 2023, but TDCJ has yet to correct his time credit. Doc. 3 at 5-6. Thornton seeks $5,000 in compensatory damages for each day he is unlawfully confined and $250,000 in punitive damages. Doc. 3 at 7.

On February 26, 2024, Thornton filed a pleading titled *Petition for Declaratory Judgment* with a *Memorandum of Law*, in which he seeks preliminary injunction relief for the alleged false imprisonment. Doc. 5 at 1; Doc. 6 at 1. He reiterates the claims pled in the complaint and states he is suing Defendants in their official and individual capacities. Doc. 5 at 2; Doc. 6 at 1-3.

Upon review, the Court concludes that Thornton's claims are barred by the *Heck v. Humphrey* doctrine and also fail as a matter of law. Thus, this action should be dismissed.

**II. ANALYSIS**

Because Thornton is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). These statutes provide for the *sua sponte* dismissal of a complaint that (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court must always liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Thornton's complaint is frivolous.

Thornton seeks monetary damages for the trial judge's alleged withholding of credit for 1,081 days of jail time served and the TDCJ officials' purported delay in responding to his TDR forms and correctly applying his time-served credit. He alleges that the denial of time-served credit is unlawfully extending his detention and, as a result, his claim impacts the duration of his confinement. But the doctrine espoused in *Heck v. Humphrey*, 512 U.S. 477 (1994), bars any challenge to Thornton's time-credit calculation under 42 U.S.C. § 1983 because it necessarily implies the invalidity of his detention.

Under the *Heck* doctrine, Thornton cannot file a § 1983 action for damages until his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid ... or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. at 486-87. Put differently, *Heck* bars a judgment that "necessarily impl[ies] the invalidity" of a conviction <u>or sentence</u> unless that conviction or sentence has been reversed, invalidated, or otherwise set aside. *See Heck*, 512 U.S. at 487. *Heck* also applies to claims challenging the calculation of a sentence or release date and challenges regarding time credits. *See Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997) (holding that claim related to the revocation of good-time credits in a prison disciplinary proceeding is not cognizable under § 1983 because success on the claim would "necessarily" imply the invalidity of continued imprisonment); *Whitehurst v. Jones*, 278 Fed. Appx. 362, 363 (5th Cir. 2008) (concluding that

claims challenging the denial of time credits, which unlawfully extend the period of incarceration, directly implicate the duration of a prisoner's confinement and are barred by *Heck*); *cf. Hernandez v. Tisdale*, No. 4:12-CV-3387, 2015 WL 1220316, at *6 (S.D. Tex. Mar. 14, 2015) (finding that claims challenging the denial of time credits or the calculation of release dates are "subject to *Heck's* favorable-termination requirement").

Here, a ruling in Thornton's favor on the claims pled would necessarily implicate the duration of his confinement and lead to an earlier release from TDCJ custody, as Thornton's complaint is undergirded by his contention that TDCJ is holding him beyond his alleged "presumptive February 12, 2024 discharge date" in Case No. F1970256. Doc. 3 at 7; Doc. 6 at 1. He also concedes the trial judge denied his request for a judgment *nunc pro tunc*. Doc. 6 at 3. And to the extent he attempts to challenge the trial court's ruling in that regard, a review of his pleadings and state court's docket sheets (available online) confirms that he did not exhaust his habeas remedies by presenting his claims to the highest state court in a procedurally proper manner and then seeking federal habeas relief. Doc. 6 at 2-3; *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). *See also Stone v. Thaler*, 614 F.3d 136, 138 (5th Cir. 2010) (explaining exhaustion of state court remedies for time-credit disputes); Tex. Gov't Code § 501.0081(b)-(c) (providing that prisoners cannot file for state habeas relief *until* they receive a written decision *or* until 180 days elapsed, whichever comes first, except as provided in subsection (c)) (emphasis added).[1]

---

[1] Thornton has filed no state habeas application pursuant to art. 11.07 of the Tex. Code of Crim. Proc. relating to his jail-time and sentence-time credits in Case No. F1970256. He filed instead a writ of mandamus in the Texas Court of Criminal Appeal and an appeal from the denial of the *nunc pro tunc* order in the Texas Court of Appeals (both pending). *In re Thornton*, No. WR-89-175-06 (Tex. Crim. App. filed Dec. 17, 2023); *Thornton v. State*, No. 05-23-01316-CR (Tex.

In sum, because Thornton cannot show that the decisions concerning the calculation of his jail-time and time-served credits for Case No. F1970256 were invalidated or otherwise set aside, his claims against Defendants are barred by *Heck*. *See Castillo v. Tex. Bd. of Pardon & Paroles*, 2:16-CV-504, 2017 WL 8159335, at *5 (S.D. Tex. Oct. 5, 2017) (finding sentence-calculation and jail-time-credit claims *Heck* barred because of no showing that calculation of sentence and jail-time credits had been invalidated), *R. & R. adopted*, 2018 WL 1172514 (S.D. Tex. Mar. 5, 2018). Thus, the complaint lacks legal basis and should be dismissed with prejudice as frivolous unless and until Thornton satisfies the conditions set forth in *Heck*. *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (*Heck*-barred claim is legally frivolous).

Alternatively, Thornton's claims for damages against Judge Clinton and the TDCJ officials also fail as a matter of law, as each is entitled to either absolute or sovereign immunity.

Any complaint about the trial judge's action in allegedly withholding 1,081 days of jail time credits is barred, because such action was performed in the judge's judicial capacity and function. *Stump v. Sparkman*, 435 U.S. 349, 361-62 (1978). "Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in the exercise of their judicial functions." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).

Likewise, Plaintiff's claims against the TDCJ officials in their official capacities fail because as employees of the state, they are protected by the Eleventh Amendment. *See Aguilar v. Tex. Dep't of Crim. Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). Because the complaint is considered to be a suit against the official's office—i.e., TDCJ—any claim against Defendants White, Fitzpatrick, and Valdez is barred by sovereign immunity as a suit against the state itself.

---

App.—Dallas filed Dec. 29, 2023). Online dockets for both courts are available at this link https://search.txcourts.gov/CaseSearch.aspx?coa=coscca&s=c.

See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). Finally, any claim against the TDCJ officials in their individual capacities fails because Thornton is seeking to hold them vicariously liable based solely on their role as supervisors. *See Thompkins v. Belt* , 828 F.2d 298, 303 (5th Cir. 1987).

### III.  LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). However, for the reasons outlined here, Thornton's claims are fatally infirm. Based on the legal theories and facts Thornton posits, he cannot, as a matter of law, state a plausible legal claim. Thus, the Court concludes that Thornton has already pleaded his best case and granting further leave to amend would be futile and cause needless delay.

### IV.  CONCLUSION

This action should be summarily **DISMISSED WITH PREJUDICE** as frivolous unless and until Thornton satisfies the conditions set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).

**SO RECOMMENDED** on March 15, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).