IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SHEDRICK THORNTON,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No**. 3:24-CV-446-L-BK** |
| | § | |
| **JUDGE TINA Y. CLINTON,** *et al.,* | § | |
| | § | |
| Defendants. | § | |

## <u>ORDER</u>

On March 15, 2024, the United States Magistrate Judge entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 10) ("Report"), recommending that this action and Plaintiff's claims, brought pursuant to 42 U.S.C. § 1983, be dismissed without prejudice as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).   No objections to the Report were received as of the date of this order, and the deadline to file objections has expired.

In lieu of filing objections, Plaintiff filed a Motion for Leave to Amend Complaint (Doc. 15), which is dated May 3, 2024, and was docketed on May 17, 2024.[1] Having considered Plaintiff's Complaint (Doc. 1), the file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as **modified** by this order as those of the court. Instead of dismissing without prejudice Plaintiff's section 1983 claims as recommended by the magistrate judge, they are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Cook v. City of Tyler, Tex.*, 974 F.3d 537, 539 (5th Cir. 2020) (per curiam) (citation omitted).

---

[1] Even assuming that this Motion for Leave was deposited in the prison mail on May 3, 2024, it was not filed within the time allowed for filing objections to the Report.

**Order – Page 1**

Ordinarily, "[a] court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) (citations omitted).   Plaintiff provided a copy of his proposed Amended Complaint, but neither his Motion for Leave nor his proposed Amended Complaint addresses or cures the *Heck* deficiency identified by the magistrate judge. The court, therefore, determines that Plaintiff has pleaded his best case such that giving him an opportunity to amend would be futile and unnecessarily delay the resolution of this litigation and his section 1983 claims. Accordingly, pursuant to Federal Rule of Civil Procedure 15(a)(2), the court **denies** his Motion for Leave to Amend Complaint (Doc. 15).[2]

The court prospectively **certifies** that any appeal of this action by Plaintiff would not be taken in good faith.   *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).   In support of this certification, the court incorporates by reference the Report.   *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997).   Based on the Report, the court concludes that any appeal of this action by Plaintiff would present no legal point of arguable merit and would, therefore, be

---

[2] The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp*., 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc*., 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

frivolous.   *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).   In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit.   S*ee Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

**It is so ordered** this 6th day of June, 2024.

Sam A. Lindsay
United States District Judge